## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| Nancy Goldstein, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Nonni's Foods LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiff by attorneys alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1.  Nonni's Foods LLC ("Defendant") manufactures, distributes, markets, labels, and sells biscotti cookies purporting to contain an appreciable amount of lemon ingredients under the Nonni's brand ("Product").

 

2.  The relevant representations include "Limone (Lemon) Biscotti," "Made with Real Sugar, Butter and Lemon Zest Oil," "Real Ingredients," "No Artificial Flavors," and pieces of

lemon rind and lemon peel.

3. The representations are false, deceptive, and misleading, because the Product contains a de minimis amount of lemon.

## I. CONSUMERS VALUE FOODS WITHOUT ADDED FLAVORING

4. Consumers prefer foods which get their taste from a characterizing food ingredient, such as lemons, as opposed to added flavoring ingredients.

5. According to research by Mintel, consumers increasingly seek foods that get their taste only from a characterizing ingredient.

6. In part, this is due to growing public awareness of potentially harmful and artificial substances used even in the making of natural flavors, regularly highlighted by non-profits such as the Environmental Working Group ("EWG").[1]

7. Consumers prefer ingredients they can identify, such as lemon oil, lemon zest, and lemon extract, are healthier and more natural than "natural flavors."

8. Ingredients like lemon oil, lemon zest, and lemon extract are considered "food" because they are a source of nutritive value and contain vitamins, minerals antioxidants.

9. Where compounds from lemons are isolated, concentrated, compounded, synthesized, and mixed with solvents and additives, "whose significant function [] is flavoring rather than nutritional," the result is natural lemon flavor, which lacks the nutritive value of lemons. *See* 21 C.F.R. § 101.22(a)(3).

## II. STATE AND FEDERAL REGULATIONS REQUIRE ADDED LEMON FLAVOR TO BE DISCLOSED ON FRONT LABEL

10. Federal labeling regulations, adopted by this State, require that a food's front label

---

[1] Lynn Dornblaser, Director, Innovation & Insight, Mintel, Clean Label: Why this trend is important now, 2017.

disclose the source of any characterizing or main flavor. 21 C.F.R. § 101.22(i).

11.  According to one commentator, this rule "is premised on the simple notion that consumers value 'the real thing' versus a close substitute and should be able to rely on the label to readily distinguish between the two. This consumer protection objective is relevant to taste claims conveyed in advertising as well."[2]

12.  This requires that a food should only be labeled with an unqualified statement about its flavoring source, i.e., "Limone," if it contains enough lemon sufficient to characterize it without added flavoring. 21 C.F.R. § 101.22(i)(1).

13.  Where a food "contains natural flavor derived from [an identified] ingredient and an amount of [that] ingredient insufficient to independently characterize the food, or the food contains no such ingredient," this must be disclosed to consumers on the front label through a statement such as "natural lemon flavored" or "lemon flavored." 21 C.F.R. § 101.22(i)(1)(i).

14.  The label makes direct representations that the Product's main flavor is lemon and provided by lemon ingredients, through the unqualified statement of "Limone [Biscotti]," "Made with Real [] Lemon Zest Oil," pictures of lemon rind and lemon peel, and no mention of being "lemon flavored."

15.  However, the Product contains a de minimis amount of lemon, revealed, in part, by the ingredient list devoid of any lemon ingredients.

| Label 1 | Label 2 |
|---|---|
| INGREDIENTS: WHEAT FLOUR (WHEAT FLOUR, MALTED BARLEY FLOUR), SUGAR, WHITE CONFECTIONERY COATING (SUGAR, PALM KERNEL OIL, WHOLE MILK POWDER, REDUCED MINERAL WHEY POWDER, NONFAT MILK POWDER, SOY LECITHIN [AN EMULSIFIER], SALT, AND VANILLA), EGGS, SALTED BUTTER (SWEET CREAM, SALT), NATURAL FLAVOR, BAKING POWDER (SODIUM ACID PYROPHOSPHATE, BAKING SODA, CORN STARCH, MONOCALCIUM PHOSPHATE), SALT. | INGREDIENTS: WHEAT FLOUR, SUGAR, WHITE CONFECTIONARY COATING (SUGAR, FRACTIONATED PALM KERNEL OIL, MILK, WHEY, SKIM MILK, SOY LECITHIN [AN EMULSIFIER], SALT, VANILLA), EGGS, BUTTER, NATURAL FLAVORS, BAKING POWDER (SODIUM ACID PYROPHOSPHATE, BAKING SODA, CORN STARCH, MONOCALCIUM PHOSPHATE), SALT, MALTED BARLEY FLOUR. |

---

[2] Steven Steinborn, Hogan & Hartson LLP, Regulations: Making Taste Claims, PreparedFoods.com, August 11, 2006.

16. According to flavor expert Bob Holmes, if the Product was providing "all the flavor depth of the lemon itself," the ingredients would include lemon juice, lemon extract, or lemon zest oil.

17. The Product's ingredients do not list any separately identified lemon ingredient and instead includes "natural flavor(s)."

18. For lemon products, this ingredient is known as "Natural Lemon Flavor With Other Natural Flavor" (Natural Lemon WONF).

19. Natural Lemon WONF contains no more than a de minimis amount of lemon, and substitutes lemon extenders and enhancers from non-lemon sources.

20. This was confirmed by laboratory testing which indicated a relative abundance of limonene and citral, the primary flavor compounds in lemons, compared to other significant lemon compounds, such as beta-pinene, beta-myrcene and γ-terpinene, which provide its woody and "piney" taste.

21. Federal and state regulations require that where a "food contains both a characterizing flavor from the product whose flavor is simulated [lemon] and other natural flavor which simulates, resembles or reinforces the characterizing [lemon] flavor," the front label must state "Lemon Flavored With Other Natural Flavor." 21 C.F.R. § 101.22(i)(1)(iii); 21 C.F.R. § 101.22(i)(1)(i).

22. This flavor designation would tell consumers the Product's lemon taste is not only from lemons but from non-lemon sources.

23. Defendant knows that consumers will pay more for the Product because the front label only states "Limone (Lemon)," instead of "natural lemon flavor with other natural flavors" or "does not taste like real lemon."

24. Defendant's failure to disclose these facts is misleading to consumers who expect that pictures of lemon ingredients and statements of "Lemon Zest Oil" mean the Product will have a non-de minimis amount of lemon.

25. Biscotti that gets its lemon taste exclusively or predominantly from lemon ingredients is not a rare or pricy delicacy that would make a reasonable consumer "double check" the absence of lemons from the ingredients.

26. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

27. The value of the Product that Plaintiff purchased and consumed was materially less than its value as represented by Defendant.

28. Plaintiff paid more for the Product than she would have if she knew it did not have more than a *de minimis* amount of lemon, and would not have bought it or would have paid less.

29. The Product is sold at a premium price compared to other similar products represented in a non-misleading way, no less than $3.98 per box of 8, excluding tax, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

## Jurisdiction and Venue

30. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

31. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

32. Plaintiff Nancy Goldstein is a citizen of Florida.

33. Defendant Nonni's Foods LLC is a Delaware limited liability company with a principal place of business in Tulsa, Oklahoma, Tulsa County, and is a citizen of Oklahoma.

34. At least one member of Defendant is not a citizen of Florida.

35. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

36. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold at thousands of locations including grocery stores, warehouse club stores, drug stores, big box stores, and online, in the States covered by the classes Plaintiff seeks to represent.

37. Venue is in this District because a substantial part of the events or omissions giving rise to the claims occurred here, including Plaintiff's purchase and consumption of the Product, exposure to and reliance on the representations, and her awareness that they were misleading.

38. This action should be assigned to the West Palm Beach Division because Plaintiff resides in Palm Beach County and a substantial part of the events or omissions giving rise to the claims occurred in Palm Beach County, including Plaintiff's purchase and consumption of the Product, exposure to and reliance on the representations, and her awareness that they were misleading.

Parties

39. Plaintiff Nancy Goldstein is a citizen of Boca Raton, Palm Beach County, Florida.

40. Defendant Nonni's Foods LLC is a Delaware limited liability company with a principal place of business in Tulsa, Tulsa County, Oklahoma.

41. Plaintiff bought the Product on one or more occasions within the statute of limitations for each cause of action alleged, at stores including Publix, 1339 W Palmetto Park Rd, Boca Raton, FL 33486, in June 2022, among other times.

42. Plaintiff saw and relied on the representations identified here such as the pictures of lemon and promise of lemon zest oil, and bought the Product because she expected it contained a

non-de minimis amount of lemon ingredients.

43. Plaintiff bought the Product at or exceeding the above-referenced price.

44. Plaintiff relied on the representations identified here.

45. Plaintiff would not have purchased the Product if she knew the representations were false and misleading.

46. Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the claims made by Defendant.

47. The Product was worth less than what Plaintiff paid, and she would not have paid as much absent Defendant's false and misleading statements and omissions.

48. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition.

49. Plaintiff is unable to rely not only on Defendant's labeling, but of other similar products represented as "limone" or "lemon" because she is unsure whether those representations are truthful.

## Class Allegations

50. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Florida Class:** All persons in the State of Florida who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Alabama, Georgia, North Carolina, South Carolina, Tennessee, and Virginia who purchased the Product during the statutes of limitations for each cause of action alleged.

51. Common questions of law or fact predominate and include whether Defendant's

representations were and are misleading and if Plaintiff and class members are entitled to damages.

52. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

53. Plaintiff is an adequate representative because her interests do not conflict with other members.

54. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

55. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

56. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

57. Plaintiff seeks class-wide injunctive relief because the practices continue.

Florida Deceptive and Unfair Trade Practices Act,
Fla. Stat. § 501.201, *et seq.*

58. Plaintiff incorporates by reference all preceding paragraphs.

59. Plaintiff brings this claim on her own behalf and on behalf of each member of the Florida Class.

60. Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

61. Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product, that it contained a non-*de minimis* amount of lemon.

62. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public

into believing that the Product contained a non-*de minimis* amount of lemon.

63. Plaintiff and class members relied upon these representations in deciding to purchase the Product.

64. Plaintiff's reliance was reasonable because of Defendant's reputation as a trusted and reliable company, known for its authentic, high-quality products, honestly marketed to consumers.

65. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

66. Defendant's conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous to consumers.

67. Plaintiff and class members are entitled to damages in an amount to be proven at trial.

68. Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that the Product contains a minimal amount of lemon.

## Violation of State Consumer Fraud Acts
## (On Behalf of the Consumer Fraud Multi-State Class)

69. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

70. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

False and Misleading Advertising,
Fla. Stat. § 817.41

71. Plaintiff brings this claim on her own behalf and on behalf of each member of the Florida Class.

72. Defendant made numerous misrepresentations of material fact regarding the amount of lemon in the Product, through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

73. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

74. Defendant knew that these statements were false.

75. Defendant intended for consumers to rely on its false statements for the purpose of selling the Product.

76. Plaintiff and class members did in fact rely upon these statements.

77. Reliance was reasonable and justified because of Defendant's reputation as a trusted and reliable company, known for its authentic, high-quality products, honestly marketed to consumers.

78. As a result of Defendant's misrepresentations, Plaintiff and class members suffered damages in the amount paid for the Product.

79. Plaintiff and class members are entitled to damages and injunctive relief as set forth above.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

80. The Product was manufactured, labeled, and sold by Defendant and expressly and

impliedly warranted to Plaintiff and class members that it possessed a lemon taste imparted by a non-*de minimis* amount of lemon ingredients.

81. Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

82. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

83. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it possessed a lemon taste imparted by a non-*de minimis* amount of lemon ingredients.

84. Defendant's representations affirmed and promised that the Product possessed a lemon taste imparted by a non-*de minimis* amount of lemon ingredients.

85. Defendant described the Product so Plaintiff and consumers believed it possessed a lemon taste imparted by a non-*de minimis* amount of lemon ingredients, which became part of the basis of the bargain that it would conform to its affirmations and promises.

86. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

87. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company, known for its authentic, high-quality products, honestly marketed to consumers.

88. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

89. Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees.

90. Plaintiff provides notice to Defendant that it breached the express and implied warranties associated with the Product.

91. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

92. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

93. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it possessed a lemon taste imparted by a non-*de minimis* amount of lemon ingredients.

94. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it possessed a lemon taste imparted by a non-*de minimis* amount of lemon ingredients, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

Negligent Misrepresentation

95. Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

96. The ingredient list designation of "Natural Flavor(s)" fails to tell consumers and Plaintiff that the Product contains a minimal amount of lemon.

97. Defendant had a duty to truthfully represent the Product, which it breached.

98. This duty was non-delegable, based on Defendant's position, holding itself out as

having special knowledge and experience in this area, as custodian of the Nonni's name and brand.

99. Defendant's representations and omissions regarding the Product went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first, that it has been known for.

100. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

101. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant, a nationally recognized and trusted brand.

102. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

## Fraud
### (Fed. R. Civ. P. 9(b) Allegations)

103. Defendant misrepresented and/or omitted the substantive, quality, compositional and/or organoleptic attributes of the Product.

104. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

105. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

106. To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

107. WHO: Defendant, Nonni's Foods LLC, made material misrepresentations and/or omissions of fact in its labeling and marketing of the Product by representing that the Product

contained a non-*de minimis* amount of lemon.

108. WHAT: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product contained a non-*de minimis* amount of lemon.

109. Defendant omitted from Plaintiff and class members that the Product instead contains a minimal amount of lemon.

110. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions.

111. Yet, Defendant has and continues to represent that the Product contains a non-*de minimis* amount of lemon when it does not and has omitted from the Product's labeling the fact it instead contains a minimal amount of lemon.

112. WHEN: Defendant made material misrepresentations and/or omissions detailed herein, including that the Product contained a non-*de minimis* amount of lemon, continuously throughout the applicable Class period(s).

113. WHERE: Defendant's material misrepresentations and omissions, that the Product contains a non-*de minimis* amount of lemon, were located on the front label of the Product, through the statements "Limone (Lemon) Biscotti," "Made with Real Sugar, Butter and Lemon Zest Oil," "Real Ingredients" and "No Artificial Flavors," and images of lemon rind and lemon peel, which instantly catch the eye of all reasonable consumers, including Plaintiff, at the point of sale in every transaction.

114. The Product is sold in grocery stores, warehouse club stores, drug stores, big box stores, and online.

115. HOW: Defendant made written and visual misrepresentations right on the front label

of the Product, that it contained a non-*de minimis* amount of lemon even though the Product contains a minimal amount of lemon.

116. As such, Defendant's representations are false and misleading.

117. Moreover, Defendant omitted from the Product's labeling the fact that it contains a minimal amount of lemon.

118. And as discussed in detail throughout this Complaint, Plaintiff and class members read and relied on Defendant's representations and omissions before purchasing the Product.

119. WHY: Defendant misrepresented the Product as containing a non-*de minimis* amount of lemon and omitted from the Product's labeling the fact that it contains a minimal amount of lemon, for the express purpose of inducing Plaintiff and class members to purchase the Product at a substantial price premium.

120. As such, Defendant profited by selling the misrepresented Product to at least thousands of consumers throughout the nation.

## Unjust Enrichment

121. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

3. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated:   September 21, 2022

Respectfully submitted,

/s/ Will Wright
The Wright Law Office, P.A.
515 N Flagler Dr Ste P-300
West Palm Beach FL 33401
(561) 514-0904
willwright@wrightlawoffice.com

Sheehan & Associates, P.C.
Spencer Sheehan (*Pro Hac Vice* forthcoming)
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com